This case is one in which George Clinton sued the musical group Black Eyed Peas for copyright infringement of one of the songs of the Funkadelic Masters in the Central District of California. The parties to the underlying suit settled in May 2012, and the District Court allocated the settlement proceeds to Mr. Fenish, the Allen Law Group, the IRS, and Hendricks & Lewis. This appeal addresses the disposition of those proceeds, which the District Court granted in the exact allocation that Mr. Clinton proposed, without analysis, findings, conclusions of law, or even oral argument. Of the named payees, only Hendricks & Lewis demonstrated a right to participate in the proceedings, a valid lien, and a first-in-time priority. Hendricks & Lewis is a judgment creditor. It registered its judgment in the Central District of California. It has a valid lien. It filed its lien claim and gave statutory notice under California Civil Code Section 708-470. And under 708-430B, it is deemed a party. The lien is first-in-time and has priority. The Court's biggest award was to the Internal Revenue Service, but the Internal Revenue Service was not a party and did not make a claim. Rather, it was Mr. Clinton's idea that part of the settlement proceeds should go to the IRS to pay his taxes. But that award was entirely improper. Clinton did not make a timely exemption with respect to the settlement proceeds, and even if he had, an exemption for paying taxes, there is no such exemption. He didn't offer anything more than a deficiency notice and the suggestion that it would be good for him to be a taxpaying citizen. He doesn't have standing to make the IRS claim for him. The IRS can take care of itself. He failed to provide evidence of the existence of a lien, and there's no evidence in the record that the lien was recorded and perfected and therefore good against Hendricks and Lewis as a judgment creditor. The notice has to be filed by the Secretary of Treasury? Yes. And that wasn't done? And has to be filed in the state where the debtor lives. And that wasn't done at all as far as we know? Right. That's under the 6323A? Yes. Tax liens are not self-enforcing in any event. There are two means. One is an administrative levy, and the other is a lien foreclosure suit, and neither of these things happened with respect to the proceeds. So the IRS did not take its necessary steps to get its lien ahead of your firm's lien? Correct. I think we understand that argument. It's well-briefed. Can you move on to the others? It would be helpful to me. Yes. So I would like to talk about the Allen Group and Thinnish, Mr. Thinnish's claim. Neither the Allen Law Group nor Mr. Thinnish should have been paid ahead of Hendricks and Lewis for three reasons. Neither established a valid lien, neither had priority over Hendricks and Lewis, and for reasons that Mr. Clinton argued, the district court did not have jurisdiction to make awards to either of those lawyers. So I would now like to address these points in greater detail. In California, an attorney does not automatically have a charging lien. That's different from some other states. The attorney has a lien only if he has an agreement for a lien or an agreement that he will look to specific proceeds for payment. Neither Mr. Thinnish nor the Allen Law Group offered an agreement that provided for a lien. Mr. Thinnish offered only a fee calculation. The Allen Law Group... So forgive me for interrupting, but is your argument here that they didn't have it or are you really complaining they didn't file their fee agreements? Well, we don't know if they had it because they didn't file their lien agreement or their fee agreement. And the fee agreement... Well, they're officers of the court and they represented they had contingency fee agreements. But is your problem you didn't see them and they didn't file them? No, it goes beyond the fact that it was a contingency fee agreement. It needs, in addition to being a contingency fee agreement, there would need to be an agreement that the attorney had a lien on the proceeds. Right, and so that's your problem, right? You can't read the document so you don't know what it pertained to. And there really wasn't a claim by either lawyer, I believe, that there was, in fact, an agreement in the contingency fee agreement for a lien. I understand. So the Allen Law Group had two different kinds of liens. One was they claim a charging lien with respect to the Black Eyed Peas contingency agreement because of their work in the Black Eyed Peas. And the other was for other work that they had done for Mr. Clinton, not in the Black Eyed Peas case itself. And for this they rely on an assignment of monies, but that itself does not create a lien. And moreover, their financing statement that they filed varied from the assignment of monies itself. In the financing statement, they said they had an assignment of the shows in action, that is the Black Eyed Peas case itself. But they didn't because the assignment of monies doesn't say that and because Mr. Clinton didn't sign the financing statement. Moreover, the Allen Law Group filed in the wrong state. They filed their financing statement in California and Mr. Clinton is from Florida. With respect to priority, the general rule is that first in time prevails. Here is how the California courts have described the governing principle. And I quote from Pangborn, which is one of the cases we cite. Of course, if an attorney does not enter into an agreement for a contractual lien upon any litigation proceeds until after the action has been filed, which is what happened here with Mr. Fennish, and after a judgment creditor has given notice pursuant to Section 708, then the judgment creditor will have priority. And here is another quote, this one from the Waltrip case. An attorney does not always have a priority over other liens. It does not have priority over prior liens on the same property, which is what we have here. Mr. Fennish admits that Hendricks and Lewis's lien was filed before his. Then I'd like to address a jurisdictional argument. Mr. Clinton has argued that there's a lack of jurisdiction to make awards to non-parties and seems to argue, therefore, that the district court did not have jurisdiction to make awards to Hendricks and Lewis and the Allen Law Group. The principle is a valid principle under California law, but Mr. Clinton misapplies it. It does not apply to Hendricks and Lewis because Hendricks and Lewis is, under the California Civil Code, deemed a party. It does apply to the Allen Law Group. The principle also applies to Mr. Fennish because, like the Allen Law Group, he is not a party, and therefore, the court had no jurisdiction to make awards to him. The principle is set out in Brown v. Sacramento and also in the Carroll v. Interstate Brands case, both of which are cited in our materials, and Mr. Fennish, in particular, relies on the Brown case. The principles that are set out in those cases are the trial court has no jurisdiction to determine the existence, validity, or amount of an attorney lien on the judgment and acts in excess of its jurisdiction to determine whether an attorney is entitled to foreclose a lien on a judgment. Brown makes clear that it applies to a discharged attorney, like the Allen Law Group, and to the current attorney, like Mr. Fennish. The attorney for the party in the underlying action is not a party to the case and cannot seek relief in it. And Brown says, and this again is a quote, nor is an attorney claiming a contractual lien a party to a judgment lien enforcement proceeding under 708-470. It does not matter that there's no dispute between the lawyer and the client. An award to a lawyer in the case is void. In any event, even if the court didn't look at that principle, or an action by Fennish or the Allen Law Group would be futile because of Hendricks and Lewis's priority. I believe I'll stop there and reserve the rest of my time for rebuttal. Thank you, Ms. Hendricks. Okay, we'll hear from the appellee on this matter. Thank you, Your Honor. Represented by Mr. Fennish. Thank you once again for this opportunity to speak on this matter. It's a little bit different because I'm arguing here talking about disposition of funds, but I want to make the first point that this Black Eyed Peas case is one of those matters that was submitted before Judge Wright in the in-camera materials, talking about the valuation of it as an infringement to generate some funds for the purpose of paying the judgment. Since California law says we want to rehabilitate a judgment debtor and not cripple him. The case was settled with the assistance of the Mediation Office of the Central District of California. The proceeds were then, a dialogue was attempted with Hendricks and Lewis to discuss some type of equitable split  consistent with the other actions before Judge Wright. In the other cases, the response was we want all of it and we want it now. Well, I'm not sure what that's got to do with priority. It was 100%. So, there was no split. So, a motion had to be filed to get the court to allocate the funds. And this case just so happened that this Black Eyed Peas case, the underlying infringement case, was also assigned to Judge Wright of the Central District of California. Counsel, can I ask a specific question if I might? Why is H&L wrong about the IRS not having a lien? Well, I would point to California Civil Code 2897, which clearly states, other things being equal, different liens upon the same property have priority according to the time period. But her point is that this wasn't a lien. It was not a lien, and I'm not asserting or arguing that the IRS itself came in to take action. This was with the idea that the money was owed to the IRS. Judge Wright had the information in front of him, and he exercised his discretion to allocate what could be done to rehabilitate the judge. The code section you just cited, the other things being equal code section, talks about liens. And her opposing counsel's point is that this isn't a lien. You know, I think that that is correct. It's not a lien in the sense of the Hendrickson-Lewis lien. It was an amount owed. Or in any sense, right? It was a demand letter, basically, from the IRS. Probably an assessment might be the proper terminology. All right. So this is ‑‑ I hate to ask it three times, but what am I overlooking about why she is ‑‑ The IRS did not have a perfected lien on those sums. This was something that we asked for in our motion as a matter of, under the facts of the case, for Judge Wright to order an issue to help rehabilitate Mr. Clinton. But, yes, the IRS did not take any action. I have another pretty specific question, if you'll forgive me. I can't make any sense of the allocation to the Allen Law Group. It seems to me like there's leftover amounts. And that's precisely what it is, is that the idea was to come up with some type of equitable arrangement which would address the concerns of all parties. We're not talking, you know, the amount of money was, while it was substantial to Mr. Clinton, who needs the funds, it was not an overly large amount. It was an amount that could have been dealt with. And I point out that nothing in our motion for the allocation of those funds went to Mr. Clinton, not one penny. Right, but my question isn't about that. My question is about the lien priority, the priority of these folks who are in line. And this allocation to, although it's the smallest, to the Allen Law Group to me seems to be the most mysterious. It was, as far as the one that drafted that motion, it was the remainder. It was the remainder. And I do agree with what the idea was with that motion to come up with some type of equitable arrangement. And I actually do agree with Ms. Hendricks, is that the Allen Law Group itself did not have a charging lien on these funds. They would have the weakest claim. So why were they paid? Was this for the work done to recover this settlement in the Black Eyed Peas litigation or for the other case? No, it was relating, it was just a proposed allocation to address their lien. Well, what lien? That's what I'm trying to ask. The lien that they filed, the Allen Law Group also filed a lien in the Black Eyed Peas case. I know that. I think I'm not asking a good question. Was the idea that this was supposed to be to pay them for the work they did after they filed the complaint in the Black Eyed Peas case, or is it to partially compensate them for the work that they did in the other unrelated litigation? In the other unrelated litigation, in fact, the documents that the Allen Group did submit to the court do not even have a dollar amount for the Black Eyed Peas case at all. They come up with over $100,000 in various fees, and nor did they assert a charging lien or come with any type of billing statements of what their services were. So there isn't any attempt in this proposed order to specify an order of priority for what I'm going to call liens. Is that right? This is an equitable allocation of what Mr. Clinton thought would be fair? I think that's a fair assessment, taking into account the liens. As far as the allocation towards me as an individual, I would direct the court to the fact that Mr. Clinton had also settled another case, this case before Judge Gutierrez in the Universal Music Group case, and that's in our excerpts of the record at ER 26 through ER 1. That involved another financial settlement where the amount was split between Hendricks and Lewis and myself under the same principles that the attorney who actually worked to create the proceeds of the case would get the benefit of their contingent fee amount. And I think that it's actually Judge Gutierrez's opinion regarding my allocation. I think he actually argues and advocates better for me than I can myself, where he distinguishes Hendricks and Lewis made the same arguments and the same case law, and he distinguishes them on the facts of those cases. And I'd go a step further and talk about that. In fact, the California law might even go a step further, that the special or charging lien of an attorney has been held to be an equitable right, to have the fees and costs due to him for services in a suit secured to him out of the judgment or recovery in the particular action. The attorney to the extent of such services being regarded as an equitable assignee of the judgment, and I would cite that as the Haupt versus Charlie's Kosher Market case in the briefing. So to the extent that I was the only attorney that came in and showed the services rendered to get the settlement amount, there's an argument to be made not only under the reasoning that, the same reasoning that Judge Gutierrez used, that I should be entitled to the fees and costs, but also as an equitable assignee under the Haupt case. As a complete aside, I maybe go back to my original argument of the point of that Mr. Clinton, or any debtor, can only rehabilitate himself or herself if they can engage professionals. He has an extensive musical catalog with extensive takings by third parties that are going, that could be harvested and derive additional revenue to pay this judgment and provide for himself, but he can't get legal counsel, he can't hire legal counsel on an hourly basis, and what Hendricks and Lewis is asking for is he can't get legal counsel to take it on a contingency basis. Would the law in California permit ALG to bring an action against you for quantum merit for part of that recovery since they represented him initially? And to Ms. Hendricks' credit, she talks about this, that very idea in her brief, where she says that the Allen Law Group did not put in their fee agreement with Mr. Clinton, which I have not seen myself. So even a possible Hendricks and Lewis could not only come after quantum merit for whatever percentage of work that they would claim, but they could maybe sue Mr. Clinton for fees. So I think we're miscommunicating. My question was about ALG and you're speaking of Hendricks and Lewis. Oh, I misspoke. I think I said Hendricks and Lewis, but I meant ALG. Okay. So my question, let me back up. My question was, in case I misspoke, could Allen Law Group bring an action against you in quantum merit for part of that contingency fee? Sure they could, but they haven't. They did respond to this motion. They asserted that they wanted all of it as well, but certainly they may have that right. Okay. California law permits that. I do not practice in California law, and I don't want to misspeak here, but I would imagine that that would be something that they could pursue. Thank you. Counsel, is this also another case where we don't have any reasoned statement from Judge Wright as to why he made this particular allocation of the black ID settlement? In all candor, Your Honor, unlike the decision from Judge Gutierrez, which we submitted in the record on some of the same issues, this ruling by Judge Wright does not go into that level of detail or analysis. Or any, right? We just have the order? Yes, Your Honor. We submitted the proposed order and the court signed it. Okay. I'm truly not trying to be glib. I'm not missing anything. No, and Ms. Hendricks is correct that there was no oral argument. So I have the same question I had earlier, although I realize this thing's gone on interminably for Hendricks and Lewis and now for you. So it might not be good to send it back, but normally wouldn't we want the district court to explain his or her reasoning to make him an order like this so that we could review it? Yes, Your Honor, and, you know, to be fair, this has gone on excruciatingly long and painful for Mr. Clinton. He loves performing and he loves touring and he loves seeing his fans, but I think he also loves his grandchildren and might want to spend some more time at home. But to your point, yes, it's very similar to the first one. It could be vacated and sent back to Judge Wright, and Mr. Clinton would welcome that. Could I ask you about the Pangborn case where the penalty is dictum, but with respect to your fee allocation, it says if an attorney does not enter into an agreement for a contractual lien upon any litigation proceeds until after the action has been filed and after a judgment creditor has given notice pursuant to Section 708.410 and the other one, the judgment creditor's lien will have priority, and that was apparently echoed in the Waltrip case. That would foreclose, if that were followed, would that conclusively foreclose your entitlement to that allocation of fees? Your Honor, actually I would, on this particular, the one time today, I would beg to differ on a reading of the holding in Pangborn. I certainly agree that the Hendrickson-Lewis lien was filed and recorded in this case long before I entered upon the scene. However, what Pangborn Plumbing says, and also in our briefs, it reasoned that it was the retained, that despite the lien, it was the retained law firm's labor, skill and materials, and willingness to take the risk that there would be no recovery at all, which was definitely here, that resulted in the settlement proceeds being paid to Pangborn in the first instance, that this is the point that would be made. That would be the equitable considerations? Yes. Okay. Got it. That's further discussed by Judge Gutierrez's decision on some of these same issues. Okay.  Thank you, Your Honor. I appreciate the opportunity to come out here. And again, thank you for at least offering the ability to speak by phone. You're welcome, and we appreciate Mr. Clinton's argument. So now Hendrickson-Lewis has some rebuttal time, plenty. Thank you. Just a point about the UMG case. We did not make actually quite the same arguments in that case. We didn't raise the Fletcher case, which is cited in our materials, and it's the California authority for an attorney having to have an agreement for a lien in order to have a charging lien. One thing that's interesting about that case also, and is reflected in the record, is that Mr. Clinton made a claim there, again, for another party who was not there and didn't make a claim for a lien. In that case, it was an accountant. In this case, it was the IRS. So I would like to address very briefly the equities, because Mr. Clinton and Mr. Fenish rely on equities as an argument, the all things otherwise being equal, which permits some consideration of the equities. Mr. Clinton and Mr. Fenish have, to some degree, sought to evade the Hendrickson-Lewis lien by making a claim for a party which has not made a claim or participated. Moreover, in the motion for assignment, Mr. Clinton and Mr. Fenish argued that Hendrickson-Lewis should be required to forego its statutory remedies to provide for ongoing litigation, and then Hendrickson-Lewis could be paid from the proceeds. That was adopted by the district court. Well, when we got it, so now we're here, and Hendrickson-Lewis should be paid to the fullest extent possible. It received only 25% of the proceeds. And Mr. Fenish has argued that but for his participation there would be no fund, but his participation was somewhat limited. Much of the work was done by the Allen Law Group. He acknowledges the district court mediators' involvement, and without earlier counsel, including Hendrickson-Lewis, Mr. Clinton would not have had title to the Funkadelic Masters who have been able to make a claim of infringement in the first place. Also, it's apparent from the records that Mr. Clinton has made this collection needlessly expensive and time-consuming, and I think that's an important equitable factor as well. Thank you. Thank you. Thank you. Okay, number, we thank both counsel. Number 12-566-63 is submitted.
judges: Fisher, Gould, Christen